# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

March 25, 2026

*By the Court:*

| | |
|---|---|
| No. 25-3226 | RK HOLDINGS LLP, doing business as Rural King,<br>Petitioner - Appellant<br><br>v.<br><br>SETH GREBBIEN, individually and on behalf of all others similarly situated,<br>Respondent - Appellee |
| **Originating Case Information:** | |
| District Court No: 1:25-cv-01296-JEH-RLH<br>Central District of Illinois<br>District Judge Jonathan E. Hawley | |

A review of the brief of appellee reveals that appellee has not complied with the requirements of Circuit Rule 28(b). That rule requires an appellee to provide a Jurisdictional Statement section in its brief and for it to state explicitly whether or not the jurisdictional summary in an appellant's brief is "complete and correct." If it is not, the appellee must provide a "complete jurisdictional summary."

Appellee's statement asserts that appellant's jurisdictional statement is not complete and correct, and appellee provides a jurisdictional summary, but it too is not complete and correct. Rule 28(a)(4) of the Federal Rules of Appellate Procedure requires, in part, that a jurisdictional statement include "(C) the filing dates establishing the timeliness of the appeal or petition for review." Appellee's jurisdictional statement fails to provide any of the necessary dates. Cir. R. 28(a)(2). Accordingly,

**IT IS ORDERED** that appellee shall file a paper captioned "Amended Jurisdictional Statement" on or before April 1, 2026, that provides the omitted information noted above and otherwise complies with the requirements of Circuit Rule 28(b), and if appellant's jurisdictional statement is not both complete and correct, Circuit Rule 28(a) also.

**IT IS FURTHER ORDERED** that the clerk of this court shall **DISTRIBUTE**, along with the briefs in this appeal, copies of this order and appellee's amended jurisdictional statement to the assigned merits panel.